THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SPAMPINATO, Defendant, and PUBLIC SERVICE MUTUAL INSURANCE CO., Appellant.—Appeal by a surety from so much of an order of the Supreme Court, Queens County, dated May 25, 1978, as, upon granting its motion for reargument, adhered to the original determination denying its motion to vacate a judgment of bond forfeiture. Order affirmed insofar as appealed from, without costs or disbursements. An indictment against the defendant principal was dismissed with leave to the District Attorney to resubmit the matter to "a different" Grand Jury. When the defendant was arraigned on the second indictment, the trial court ordered that the bail of $15,000 be transferred to cover it but did not issue a new securing order as required by CPL 210.45 (subd 9). However, on May 8, 1975, an "attorney in fact" for the surety executed a consent to continue the bond in full force and effect. When the defendant failed to appear at a later court date, the court declared the bond to be forfeited and a judgment of forfeiture was entered against the surety. The surety's motion to vacate the judgment of forfeiture was denied, and upon motion for reargument, the trial court granted reargument but adhered to its original determination. The surety's primary argument is that the trial court, in omitting to issue a new securing order, in effect paroled the defendant, thus discharging the surety from any obligation on the bond. This argument is without merit. As is true of other laws regulating official procedures, CPL 210.45 (subd 9) is merely directory in nature and is not mandatory (see 1A Sands, Sutherland Statutory Construction [4th ed], § 25.02, p 298). It is clearly unwarranted to interpret the legislative intent of CPL 210.45 (subd 9) as to mandate that a defendant and sureties be wholly discharged as a result of the failure to issue a new piece of paper when the defendant's case was soon to go before a new Grand Jury and the Trial Judge declared that bail was to be continued. To so construe the statute would be a clear example of the abuses inherent in putting form before substance. Thus viewing the Trial Judge's order to be valid, albeit, improper in form, the bail in question and any obligations thereon continued to be of binding force and effect (see CPL 520.20; *People v Dimarco,* 120 Misc 658). When the defendant failed to appear, the court duly entered a judgment of forfeiture. Inasmuch as defendant's bail was validly continued to the subsequent indictment, the surety's second point that it was not validly revived is academic. Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.